## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KENNETH HO d/b/a** | * **CIVIL ACTION NO.** |
| **MICHAEL'S FOOD STORE** | * |
| | * **JUDGE** |
| **VERSUS** | * |
| | * **MAGISTRATE** |
| **COLONY INSURANCE COMPANY** | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### NOTICE OF REMOVAL
### (28 U.S.C. §§ 1332, 1441 and 1446(a), (b))

**NOW COMES**, Colony Insurance Company, a foreign insurer doing business in the Parish of Orleans, State of Louisiana (Petition ¶3) and, in fact, a domiciliary of the Commonwealth of Virginia, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, now removes this action to this, the United Stated District Court for the Eastern District of Louisiana, which is the judicial district in which this action is presently pending, and avers as follows:

1.      Plaintiff has alleged that he is a Louisiana domiciliary (Petition, ¶ 2). Colony Insurance Company is a domiciliary of the Commonwealth of Virginia. Therefore, complete diversity exists between plaintiff and defendant.

2.      This is an action brought against Colony Insurance Company ("Colony"), the alleged commercial property insurer of Michael's Food Store, for damages allegedly suffered to that premises during Hurricane Katrina, related items also allegedly covered under Colony's

subject property policy, and penalties and attorney's fees claimed against Colony under La. R.S. 22:658 (now 22:1892) and La. R.S. 22:1220 (now 22:1973) for Colony's alleged arbitrary refusal to timely pay the claim, which allegations are denied.

   3.    The action was filed on August 28, 2007, and Colony timely removed it to this Court on October 17, 2007, within thirty (30) days of September 13, 2007 – the date of service of process on Colony through the Louisiana Secretary of State.

   4.    Thereafter, plaintiff filed a Motion to, and memorandum in support of, Remand, by way of which plaintiff specifically disputed that Colony's Removal satisfied the amount in controversy requirement ($75,000.00, exclusive of interest and costs) under 28 U.S.C. §1332 as necessary for the Court to exercise removal jurisdiction pursuant to 28 U.S.C. ¶1441.

   5.    In this regard, by way of plaintiff's Memorandum in Support of Motion to Remand, plaintiff specifically asserted as follows:

> The Petition alleges that the plaintiff submitted a claim for $16,395.55 but was only paid $2,238.19 (Petition ¶¶11 and 13). Thus, from the face of the Petition the amount in controversy is $14,157.36 plus undetermined penalties and attorneys fees. Defendant has provided no evidence suggesting that plaintiff is seeking the full value of the policy. It is clear from the Petition that plaintiff is not.

Supporting Memorandum, p. 3.

   6.    Obviously, based at least in part on plaintiff's said representations, Judge Africk of this Honorable Court granted plaintiff's Motion to Remand, setting forth the Court's reason for this Judgment, in relevant part, as follows:

> Plaintiff asserted in his Petition that he is owed $14,157.36 in order to repair the premises insured by defendant. Accordingly, this amount does not make it "facially apparent" that plaintiff's

> claims exceed $75,000 . . .. Because defendant has failed to meet its burden in showing that the amount in controversy exceeds the jurisdictional amount, the Court does not have subject matter jurisdiction pursuant to 28 U.S.C. §1332.

Order and Reasons, pp. 5, 7.

7.      The foregoing statement of facts makes clear that plaintiff represented to the Court, and the Court relied at least in part on plaintiff's representations in remanding the case, that the base amount in controversy in this case (not including penalties, attorney's fees and damages claimed by plaintiff under then La. R.S. 22:658 and/or 22:1220) did not exceed $14,157.37.

8.      After remand, representative(s) of Colony repeatedly attempted contact with plaintiff's counsel in an effort to resolve or otherwise move the matter along; however, all of such efforts went unresponded to by plaintiff/plaintiff's counsel.

9.      Now, after having allowed the one year anniversary of the filing of the case to expire [designed to deprive Colony of its removal rights under 28:USC §1446(b)], by way of correspondence dated February 12, 2010, plaintiff has made demand upon Colony in the amount of $210,323.00; and within thirty days of having received such demand, Colony has now filed the present Notice of Removal.

10.     Plaintiff's said demand states as follows:

> Thank you for your settlement offer of October 14, 2009. Unfortunately, my client cannot accept $5,000 in satisfaction of his claim. In fact, the claim has developed since the lawsuit was filed. At the time of Hurricane Katrina Michael's Food Store had $80,000 in building coverage and $75,000 for business personal property including stock. The roof structure performed poorly during the hurricane allowing substantial water intrusion from above. Colony Insurance Company tendered (an inadequate) $2,238.19 for roof

repair, but nothing for internal structural damage or personal property. We provided Colony Insurance with a repair estimate for the second story totaling $16,395.55 along with photos of the internal damage to the second story on August 24, 2006. Colony has never tendered any amount for interior damage and has never requested further support from its insured. Colony will be liable for statutory penalties under the 2006 version of former La. R.S. § 22:658.

The property is located on South Galvez near Martin Luther King in central city. While the property did eventually sustain roughly five to six feet of flooding, this was a result of rising waters and occurred well after the hurricane had passed. In addition, the area was subject to widespread looting following the storm. When my client returned approximately two weeks after the storm, the iron security door to the store had been forced open and much of the merchandise in the store had been looted along with cash registers and deli equipment.

In addition to the roof and the second floor interior, the water intrusion was so heavy that it poured through to the first floor, damaging the ceiling there and affecting the merchandise and retail equipment within the store. I am enclosing pictures of the first floor damage with this letter. Mr. Balsamo, a sanitarian of over 40 years experience and the Director of Environmental Health & Safety at Tulane University, is of the opinion that water intrusion of the sort suffered by this store would render the contents worthless for a combination of health reasons and regulatory retail labeling requirements. In any event, no one would buy groceries and personal products with obvious signs of soaking in storm water, and certainly not at full cost, even if it were safe and legal to sell them. The remaining merchandise left in the store by the looters was therefore worthless.

The looting and storm damage to the interior and the contents of the building was prior to and independent of the flood. Therefore, I believe the entire contents of the store to be a covered loss. I have asked my client to prepare an equipment and contents list itemizing the merchandise and equipment that was lost due to looting and rainwater intrusion. I enclose that list with this letter.

The owners also paid about $1,000 to migrant laborers to remove the storm debris from the store.

Page 5

As a consequence of Colony's refusal to pay what it indisputably owed, Michael's Food Store remains unrepaired and has been unable to operate since Hurricane Katrina, resulting in a loss of business income. This fact has caused my client significant mental distress.

In light of the above, my client demands the following:

| | |
|---|---|
| Structure 1st and 2nd Floor: | $ 30,000.00 |
| Contents: | $ 75,000.00 |
| Debris Removal: | $  1,000.00 |
| 50% Penalty: | $ 38,015.00 |
| Attorney's fees | $ 47,524.00 |
| Judicial Interest: | $ 18,784.00 |
| | $210,323.00 |

In exchange my clients will release all claims and forego recovery for consequential damages, and double penalties under former La. R.S. § 22:1220.

I am always open for discussion. Feel free to call me personally after you have a chance to present this demand to your client.

Best regards,

Clay Garside

A copy of plaintiff's recent demand letter is annexed hereto as Exhibit "1"

11.    It would be at best disingenuous, given the demand correspondence of February 12, for plaintiff to take the position that it was completely unaware that its claim against Colony exceeded the removal jurisdictional threshold when plaintiff filed its Motion to Remand and represented to the Court (on which representations again, the Court relied, at least in part, in ordering remand) that, in fact, it did not.

**12.**     Removal of this action to this Court is proper under 28 U.S.C. §1441 (a) and (b) because there is complete diversity of citizenship between plaintiff and defendant, and the amount-in-controversy threshold has been satisfied and, thus, this Court would have had jurisdiction over this matter under 28 U.S.C. §1332 had the action been brought in the Court originally.

**13.**     Further, this case should be held by this Court to fall within the exception to 28 U.S.C. §1446(b)'s stated limitation that matters be removed within one year of their filing.

**14.**     In this regard, an exception to §1446(b)'s one-year post filing removal period[1] has been jurisprudentially recognized in this and other circuits in cases where, as here, a defendant's apparent failure to remove the action within the statutorily prescribed period was unavoidable and caused by plaintiffs' intentional manipulation of the forum. *See* <u>Wecker v. National Enameling & Stamping Co.</u>, 204 U.S. 176, 185-86 (1907): "Federal Courts should not sanction devices intended to prevent a removal to a Federal Court where one has that right . . ."; <u>Powers v. Chesapeake & O.R. Co.</u>, 169 U.S. 92, 100-101 (1898) – "Exceptions to the statutory time limitations must be made when necessary to prevent a defendant's right of removal 'from being

---

[1] In this regard, §1446(b) relevantly provides as follows:

> (b) The notice of removal of a civil action or a proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or a proceeding is based, or within thirty days after the service of summons upon the defendant, if such initial pleading has been filed in Court and is not required to be served on the defendant, whichever is shorter.

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

defeated by circumstances wholly beyond his control'"; Sheppard v. Wire Rope Corp., 777 F.Supp. 1285, 1288-89 (E.D. Va. 1991); Brown v. Demco, 792 F.2d 478, 482 (5th Cir. 1986) – "Equitable reason[s] may excuse removal outside of statutory time limit"; Unida v. Levi Strauss & Co., 986 F.2d 970, 975 (5th Cir. 1993) – "Courts should consider whether the plaintiff has attempted to manipulate the forum . . . and should guard against such manipulation by denying motions to remand where appropriate"; Kinabrew v. Emco-Wheaton, Inc., 936 F.Supp. 351, 353 (M.D. La. 1996) – Equitable considerations should apply to "prohibit flagrant forum manipulation"; Winningkoff v. American Cyanamid, 2000 WL 235648, *3 (E.D. La. Mar. 1, 2000) (equitable considerations may justify diversity based removals more than one year after commencement of an action); Greene v. Mobil Oil Corp., 66 F.Supp.2d 822, 823-24 (E.D. Tex. 1999) (Court applied equity where two years after case was filed, plaintiff amended to add 1,260 new plaintiffs and asserted a class action); Ferguson v. Security Life of Denver Insurance Co., 996 F.Supp. 597, 603 (N.D. Tex. 1998) ("the one-year limitation on removal contained in §1446(b) is procedural and subject to equitable exceptions"); Greer v. Skilcraft, 704 F.Supp. 1570, 1583 (M.D. Ala. 1989) (one-year period began only after plaintiff filed a complaint and made a *bona fide* effort to serve it; plaintiff filed a case in 1984 but did not serve the defendant until 1988; Barnes v. Westinghouse, 962 F.2d 513, 516 (5th Cir. 1992) – one year time limit of §1446(b) is procedural and subject to waiver; White v. White, 32 F.Supp.2d 890, 893-94 (W.D.La. 1998) (applying equitable exception where plaintiff engaged in forum manipulation); La. State Bar Ass'n v. Weitz & Luxenberg, P.C., 2009 WL 4547686 (E.D.La. 2009) (recognizing

equitable exception due to conduct including acts of forum manipulation); 14C Wright *et al.* Federal Practice and Procedure §3732 at 229-310 (1998)).[2]

**15.**    In applying this Exception, Fifth Circuit courts have attributed special relevance to situations in which the defendant has been vigilant in attempting removal, particularly where, as here, the defendant has already attempted removal previously.[3]    *See* Tedford v. Warner Lambert Co., 327 F.3d 423, 428 (5th Cir. 2003); Monk v. Werhane Enter., Ltd., 2006 WL 3918395 (E.D.La. 2006); Clark v. Nestle USA, Inc., 2004 WL 1661202 (E.D.La. 2004).

**16.**    This Exception should be held to apply in this case based on plaintiff's own procedural manipulation which has deprived Colony of its chosen federal forum which is its right as a diverse defendant doing business in this State.

---

[2] In this regard, at least one court in this circuit has held that where an Amended Petition states an entirely different action, the one year limit (of §1446(b)) should not apply. Greene v. Mobil Oil Corp., 66 F.Supp.2d 822, 825 (E.D. Tex. 1999). In Greene two individual plaintiffs brought suit in 1997 against a number of defendants, including non-diverse defendants. *See* Id. at 822. Two years later, the plaintiffs amended their Petition to add 1,260 new plaintiffs, sought certification as a class action, and added new state-law causes of action. One month later, the last non-diverse defendant was dismissed and the remaining defendants removed the case within thirty (30) days of that dismissal. Id. at 823. The Court, using its equitable powers, refused to apply the one-year limitation because defendants had removed well within one year of the addition of the new plaintiffs and reasoning that the new plaintiffs had essentially commenced a new action. Id at 825. The same rationale should apply under the facts and procedural history of this case. *See also* Johnson v. Heublein, Inc., 227 F.3d 236, 241-42 (5th Cir. 2000): "The revival exception (recognized relative to a lapsed right of removal under § 1446) provides that a lapsed right to remove an initially removable case within thirty days is restored when the complaint is amended so substantially as to alter the character of the action and constitute essentially a new lawsuit. This Circuit recognized the exception in Cliett v. Scott, 233 F.2d 269, 271 (5th Cir. 1956), holding that 'though a defendant has submitted himself to state court jurisdiction on one cause of action, this does not prevent his removing the case when an entirely new and different cause of action is filed in the same case.'"    Such an exception should apply here where plaintiff intentionally "low balled" his initial demand to defeat federal jurisdiction, only to unconscionably raise his demand essentially to make the case sub judice entirely different from when it was originally filed after the standard removal limitations period had expired.
[3] For example, in Tedford, supra, the court noted "the defendants have vigilantly sought [removal and] . . . each time it became apparent that the right to remove existed . . . sought to exercise that right." Id. at 428.

17.     This Notice of Removal is timely because it has been filed within thirty (30) days of February 18, 2010 – the date Colony first received notice that Plaintiff's new demand (contained in plaintiff's February 12 correspondence) greatly exceeds the removal jurisdictional threshold.

18.     Colony Insurance Company files herewith copies of all process, pleadings and orders served on defendant in this action as *in globo* Exhibit "2".

Respectfully submitted,

*s/ Michael J. Vondenstein*
**MICHAEL J. VONDENSTEIN, #13116**
**JOSEPH L. SPILMAN, #17813**
Attorneys for Colony Insurance Company
**HAILEY, McNAMARA, HALL**
**LARMANN & PAPALE, L.L.P.**
One Galleria Boulevard, Suite 1400
Metairie, Louisiana 70001
Telephone:    (504) 836-6500
Fax:               (504) 836-6565
E-mail:  mjv@hmhlp.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2010, the foregoing pleading was filed electronically using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

*s/ Michael J. Vondenstein*
**MICHAEL J. VONDENSTEIN**