UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KENNETH HO d/b/a MICHAEL'S                                              CIVIL ACTION
FOOD STORE

VERSUS                                                                                    No. 10-851

COLONY INSURANCE COMPANY                                                SECTION I

# ORDER AND REASONS

Plaintiff's motion to remand is currently before the Court. Because defendant has failed to establish that the facts under consideration warrant an equitable exception to 28 U.S.C. § 1446(b)'s prohibition against removing a case more than one year after commencement, the motion is **GRANTED**.

## *BACKGROUND*

Kenneth Ho ("Ho") sought reimbursement from Colony Insurance Company ("Colony"), his insurer, after Ho's central city convenience store suffered damage during Hurricane Katrina and its aftermath.[1] Ho's policy through Colony included $80,000.00 worth of coverage for the building and $75,000.00 worth of coverage for the contents of the building.[2] Ho filed suit against Colony in Louisiana state court on August 28, 2007, alleging that Colony breached its contract with Ho by failing to pay the amounts due under the policy and in failing to fairly adjust the physical damages to the building and contents, as well as having breached the express terms and

---

[1] See R. Doc. No. 1-3.
[2] R. Doc. No. 1-3, p. 2.

1

conditions of the policy and duty of good faith.[3] On October 17, 2007, Colony removed the case to federal court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.[4] Finding that plaintiff's petition neither presented a federal question nor indicated that the requisite amount in controversy for diversity jurisdiction was satisfied, this Court remanded the case on January 14, 2008.

Defendant filed an answer and affirmative defenses in state court on January 15, 2008. Radio silence then ensued. On November 21, 2008, Ho's counsel sent Colony's lawyers a one-line e-mail suggesting that settlement talks were partially underway.[5] Nevertheless, the next communication between Colony and Ho was on April 7, 2009, when Colony emailed Ho for a status update on the case.[6] On June 23, 2009[7] and October 14, 2009[8] (more than two years after commencement and a year and nine months following remand) Colony offered to settle the case for $5,000. Ho responded the following February (two and a half years after commencement and over two years after remand) with a $210,323.00 counteroffer.[9] Colony then removed the case once more, alleging that the Ho's counteroffer letter was new evidence that the case fulfilled the amount in controversy requirement for diversity jurisdiction.[10]

Although the federal removal statute prohibits litigants from removing a case to federal court more than one year after commencement of the action, Colony argues that the facts currently under consideration call for this Court to craft an exception to that rule. Specifically, Colony claims that Ho attempted to manipulate the removal rules by setting a low amount in controversy initially in order to avoid removal, planning all along to claim much larger damages

---

[3] R. Doc. No. 1-3, p. 4.
[4] R. Doc. No. 1-4, p. 9.
[5] R. Doc. No. 6-8.
[6] R. Doc. No. 5-2, p. 1.
[7] R. Doc. No. 6-9.
[8] R. Doc. No. 5-2, p. 3.
[9] R. Doc. No. 1-3, p. 2.
[10] R. Doc. No. 1.

once removal was no longer an option for Colony.[11] Colony also claims that it made several attempts to find out what the settlement amount was, but Ho was not timely in responding to Colony's inquiries.[12] Finally, Colony alleges that it immediately filed a notice of removal upon learning that Ho was claiming increased damages and, accordingly, it did not allow its "window of opportunity to remove the case to close."[13]

## *LAW AND ANALYSIS*

28 U.S.C. 1446(b) provides that:

> . . .
>
> If the case stated by the intial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

In the context of 1446(b), "'[c]ommencement' . . . refers to when the action was initiated in state court, according to state procedures." Bush v. Cheaptickets, Inc., 425 F.3d 683, 688 (9th Cir. 2005); see also Braud v. Transport Serv. Co., 445 F.3d 801, 803 (5th Cir. 2006) ("In Louisiana, a suit is commenced by filing of a pleading presenting the demand to a court of competent jurisdiction.") Nevertheless, the Fifth Circuit has held that 1446(b)'s one-year post-commencement removal bar is subject to equitable exceptions. See Tedford v. Warner-Lambert Co., 327 F.3d 423 (5th Cir. 2003). Indeed, "[w]here a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction thereby preventing the defendant

---

[11] R. Doc. No. 6, p. 3.
[12] R. Doc. No. 6, p. 2.
[13] R. Doc. No. 6, p. 4.

from exercising its rights, equity may require that the one-year limit in § 1446(b) be extended." Tedford, 327 F.3d at 428-29. A court must decide whether to invoke such equitable power based on the particular facts of each case. See id; Baby Oil, Inc. v. Cedyco Corp., 654 F. Supp. 2d 508 (E.D.La. 2009); Monk v. Werhane Enter., Ltd., 2006 WL 3918395 (E.D.La. 2006); Thomas v. Exxon Mobil Corp., 2003 WL 22533677 (E.D.La. 2003).

The facts of this case do not warrant an equitable exception to § 1446(b). As noted above, this suit commenced in Louisiana state court on August 28, 2007. After removal, this Court remanded the case on January 14, 2008. Colony filed an answer and affirmative defenses in state court on January 15, 2008. Although Colony contends that it made "numerous settlement overtures via telephone, e-mail and correspondence" following remand, the only documentary evidence it has produced to substantiate this claim is a one line e-mail that plaintiff's counsel sent to defense counsel on November 21, 2008. Other than this brief e-mail, the parties have failed to advise the Court that any other substantive action concerning this litigation took place until April 7, 2009 – well over a year after this Court remanded the case and more than a year and a half after the case commenced in Louisiana state court.

The Tedford facts, on the other hand, warranted an equitable exception. In that case, plaintiff deceptively signed and post-dated a notice of non-suit dismissing her non-diverse treating physician from the litigation before the one-year anniversary of the commencement of her action. Tedford, 327 F.3d at 425. Plaintiff did not notify the diverse defendant of the non-suit until after the expiration of the one-year anniversary. *Id.* Soon after learning of plaintiff's non-suit, and ten days after the expiration of the one-year time limit for removal, the diverse defendant removed the action to federal court. *Id.*

In contrast to the Tedford plaintiff's manipulative maneuvers and the defendant's vigilance in seeking a federal forum, the litigants in this case give the impression that they simply failed to pursue this case with vigor.[14] As such, defendants have no basis for moving this Court to invoke its equitable powers.

Accordingly, Ho's motion to remand is **GRANTED** and the above-captioned case is remanded to the Orleans Parish Civil District Court.

New Orleans, Louisiana, August 17, 2010.

**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[14] For example, plaintiff's counsel notes that he "is certainly not proud that the case has moved so slowly, but there is nothing strategic or inequitable in that slow progress." R. Doc. No. 5-1. Defense counsel, in turn, "remind[s] plaintiff that as the initiator of the proceeding, it is plaintiff, rather than [defendant], who, in the first instance, bears the burden of prosecuting the case." R. Doc. No. 6.