UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KENNETH HO d/b/a MICHAEL'S FOOD STORE** | **CIVIL ACTION** |
| **VERSUS** | **No. 10-851** |
| **COLONY INSURANCE COMPANY** | **SECTION I** |

### ORDER AND REASONS

Defendant, Colony Insurance Company ("Colony"), has filed a motion for reconsideration of the Court's order[1] remanding the case to Orleans Parish Civil District Court. Plaintiff, Kenneth Ho ("Ho"), opposes the motion. For the following reasons, the motion for reconsideration is **DENIED**.

*LAW AND ANALYSIS*

**A. Standard of Law**

A Rule 59(e) motion to alter or amend judgment "calls into question the correctness of a judgment." Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp.), 303 F.3d 571, 581 (5th Cir. 2002).[2] It is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment, Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990), but instead "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989).

---

[1] R. Doc. No. 19.
[2] If the motion is filed within twenty-eight days of the judgment about which the party complains, it is considered a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion. Shepherd v. Int'l Paper Co., 372 F.3d 326, 327 n.1 (5th Cir. 2004). Because defendant filed its motion less than twenty-eight days after the Court issued its order, the motion is considered as a Rule 59(e) motion.

1

Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. Clancy v. Employers Health Ins. Co., 101 F.Supp.2d 463, 465 (E.D. La. 2000).

A district court has considerable discretion to grant or to deny a motion to alter or amend the judgment under Rule 59(e). See Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 355 (5th Cir. 1993). The court must strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts. See id. "A moving party must satisfy at least one of the following four criteria to prevail on a Rule 59(e) motion: (1) the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the movant presents new evidence; (3) the motion is necessary in order to prevent manifest injustice; and, (4) the motion is justified by an intervening change in the controlling law." Jupiter v. BellSouth Telecommunications, Inc., 1999 WL 796218 (E.D. La, Oct. 5, 1999) (Vance, J.).

### B. Analysis

28 U.S.C. § 1446(b) prohibits "remov[al] on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action." Nevertheless, the Fifth Circuit has held that 1446(b)'s one-year post-commencement removal bar is subject to equitable exceptions "[w]here a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights[.]" Tedford v. Warner-Lambert Co., 327 F.3d 423, 428-29 (5th Cir. 2003).

Colony did not remove this case within one year of commencement of the action. In its motion for reconsideration, Colony suggests that this Court committed manifest error in refusing to equitably toll the one-year requirement of § 1446(b). As evidence of plaintiff's manipulation of statutory rules, Colony points to the discrepancy between the "$14,157.36 plus undetermined

2

penalties and attorney's fees"[3] alleged in its motion to remand and the subsequent $210,323.00 settlement demand.[4] "However, this Court must balance the exception articulated in *Tedford* with the general rule that removal jurisdiction is to be strictly construed as its application 'deprives a state court of a case properly before it and thereby implicates important federalism concerns.'" Foster v. Landon, 04-CV-2645, 2004 WL 2496216 *2 (E.D. La. Nov. 4, 2004) (Fallon, J.) (quoting Frank v. Bear Stearns & Co., 128 F.3d 919, 922 (5th Cir. 1997)). In this instance, Colony has failed to persuade the Court that the facts weigh in favor of applying the exception.

The factual scenario before this Court is remarkably similar to the one described in Foster. There, the plaintiff asserted in his state court petition that the amount in controversy did not exceed $75,000, leaving the federal jurisdictional amount unsatisfied. Foster, 2004 WL 2496216 at *2. After the one year period for removal elapsed, the plaintiff sent the defendant a settlement demand letter, with supporting medical records attached, indicating that the amount in controversy exceeded $75,000. Id. On that basis, and pursuant to § 1446(b), defendant removed the matter. Id. The defendant argued that the plaintiff waited until the one-year period had passed before providing this information in order to prevent removal, but the defendant was unable to offer any evidence to support this presumption or evidence of the plaintiff's bad faith. Id.

The Foster court found it troubling that "the plaintiff would expressly state that the case was not worth $75,000 in the initial pleading, and only after one year change his evaluation of the quantum[.]" Id. However, the court concluded, "[t]hough suspicious, the record in this case

---

[3] R. Doc. No. 5-1, p.3.
[4] R. Doc. No. 20-1, p.7.

does not present the egregious, clear pattern of forum manipulation as in [Tedford and its progeny]." Id. The court continued:

> In this case, Plaintiff may have delayed by a few months in sending a demand letter and medical records indicating that the federal jurisdictional amount is satisfied. However, such conduct hardly rises to the transparent attempt to circumvent federal jurisdiction presented in *Tedford*. In *Tedford* and its progeny, the Court was not required to engage in speculation to interpret the cause of the Plaintiff's conduct. In this case, the Court would have to engage in such speculation, but declines the invitation to do so.

Id. at *3.

In the case currently before this Court, plaintiff asserted in its state court petition that the amount in controversy did not exceed $75,000. Then, after the one-year removal period elapsed, plaintiff sent defendant a demand letter, with expense records attached, indicating that the amount in controversy exceeds $75,000. While this behavior raises some suspicion, the defendant is unable to offer any evidence to support its allegation of bad faith.[5] Without engaging in a significant amount of speculation, this conduct "hardly rises to the transparent attempt to circumvent federal jurisdiction presented in *Tedford*." See id. Therefore, this Court follows the Foster court in declining to apply the equitable tolling exception articulated in Tedford. See also Joiner v. McLane Company, Inc., 08-CV-130, 2008 WL 1733655 *2 (W.D. La. April, 14, 2008) ("Absent the manipulative and seemingly fraudulent maneuvers found in *Tedford*, this Court declines to employ estoppels to toll the one-year period.") (quotations marks omitted).

---

[5] It is true that plaintiff did not send its demand letter with revised claims until after the one-year removal period had elapsed. But following the remand, there was little activity from either party in the case. In fact, ten months passed before the first evidence of communication between the parties appeared. Then, another five months passed before Colony made its first settlement offer on June 23, 2009 (15 months following the remand and nearly two years after commencement). Ho responded the following February (over two years after remand and two and half years after commencement) with his counteroffer. R. Doc. No. 19, p.2.

4

For the foregoing reasons, the Court finds that Colony has not made a showing of manifest error in law or fact.  Accordingly,

**IT IS ORDERED** that the motion for reconsideration is **DENIED**.

New Orleans, Louisiana, October 14, 2010.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**